```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                     DISTRICT OF VERMONT
```

Countrywide Home Loans,      )
Inc.,                        )
                             )
        Plaintiff,           )
                             )
        v.                   )    Case No. 2:13-cv-50
                             )
Kelli-Ann Young, Donna       )
B. Young,                    )
                             )
        Defendants.          )

<u>OPINION AND ORDER</u>
(Doc. 1)

Defendant Kelli-Ann Young, proceeding *pro se*, seeks to remove a foreclosure action from state court.  Now before the Court is Ms. Young's motion for leave to proceed *in forma pauperis*.  Because the affidavit in support of the motion satisfies the requirements of 28 U.S.C. § 1915, the motion for leave to proceed *in forma pauperis* is GRANTED.  However, for reasons set forth below, this case is REMANDED to the state court.

<u>Factual Background</u>

On October 24, 2008, plaintiff Countrywide Home Loans, Inc. ("Countrywide") filed a Complaint for Foreclosure in Windham Superior Court.  The Complaint pertains to real property purchased by Ms. Young in 2001.  The property is located at 222 Valley View Road in Dover, Vermont.

On March 27, 2013, Ms. Young filed a Notice of Removal in this Court, together with her motion for leave to proceed *in forma pauperis*. The Notice states that removal is sought pursuant to 28 U.S.C. § 1441, and includes a copy of the Complaint for Foreclosure. The Notice includes no other factual statements, legal citations, or state court records.[1]

## Discussion

The federal removal statute permits a state court defendant to remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The original jurisdiction of federal courts is limited. *See Keene Corp. v. United States*, 508 U.S. 200, 207 (1993). As a consequence, "removal jurisdiction exists in a given case only when that jurisdiction is expressly conferred on the courts by Congress." *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 367 (S.D.N.Y. 2006)

---

[1] The federal removal statute, 28 U.S.C. § 1446(a), requires that the removing party "shall file in the district court of the United States . . . a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Although Ms. Young's filing may not strictly comply with the statute, the Court is not remanding on that basis.

(internal quotation marks and citation omitted).

Federal subject matter jurisdiction is available when a "federal question" is presented, or when plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. Although the removal statute provides "the procedural mechanism for transferring a case from one court to another, . . . the removal statute [itself] is not the source of subject matter jurisdiction." *Orange County Water Dist. v. Unocal Corp.*, 584 F.3d 43, 49 (2d Cir. 2009). Furthermore, federal subject matter jurisdiction may not arise out of a defendant's defense or counterclaim, whether actual or anticipated, and is instead based solely upon the plaintiff's complaint. *See New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012).

Here, Countrywide's foreclosure complaint does not cite any provision of federal law, nor does it suggest any form of federal cause of action. Indeed, the state court proceeding against Ms. Young appears to be a standard foreclosure action based entirely upon state law. Consequently, there is no basis for federal question jurisdiction. *See* 28 U.S.C. § 1331.

As this case does not arise under federal law, the Court must consider diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(b). The removal statute allows for removal on the basis of diversity jurisdiction only if none of the defendants "is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). According to the submissions before the Court, Ms. Young is a resident of West Dover, Vermont. Because she is a Vermont resident seeking to remove a case to the federal court in Vermont, she cannot avail herself of the removal provision in § 1441(b). *See Gardner and Florence Call Cowles Found. v. Empire Inc.*, 754 F.2d 478, 480-81 (2d Cir. 1985).

The Court therefore finds that there is no valid basis upon which this case may be removed from state court. Pursuant to the removal statute, a removed case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). This matter is therefore REMANDED to the state court.

## Conclusion

For the reasons set forth above, Ms. Young's motion for leave to proceed *in forma pauperis* (Doc. 1) is GRANTED, and

this case is REMANDED to the Vermont Superior Court, Windham Unit, Civil Division.

Dated at Burlington, in the District of Vermont, this 4th day of April, 2013.

                                         /s/ William K. Sessions III
                                         William K. Sessions III
                                         Judge, United States District Court